NS:TH/EJD
F. #2020R00708

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

**1:20-cr-00549(AMD)(RER)**

UNITED STATES OF AMERICA

    - against -

CORY MARTIN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>20-549 (S-1) (AMD)</u>
(T. 18, U.S.C., §§ 982(a)(2),
 982(a)(2)(B), 982(b)(1), 1028(a)(7),
 1028(b)(2)(A), 1028(b)(2)(B),
 1028(b)(3)(B), 1028(b)(5),
 1028(c)(3)(A), 1028A(a)(1), 1028A(b),
 1028A(c)(5), 1349, 1958(a), 2 and
 3551 et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Murder-For-Hire)

       1.     In or about and between March 2017 and April 2018, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant CORY MARTIN, together with others, did knowingly and intentionally use and

cause another to use one or more facilities of interstate commerce, to wit: one or more

telephones and the Internet, with intent that a murder be committed in violation of New York

Penal Law Section 125.25, to wit: the murder of Brandy Odom, as consideration for the

receipt of, and as consideration for a promise and agreement to pay, something of pecuniary

value, and the death of Brandy Odom did result.

            (Title 18, United States Code, Sections 1958(a), 2 and 3551 et seq.)

## COUNT TWO
(Murder-for-Hire Conspiracy)

2. In or about and between March 2017 and April 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CORY MARTIN, together with others, did knowingly and intentionally conspire to use and cause another to use one or more facilities of interstate commerce, to wit: one or more telephones and the Internet, with intent that a murder be committed in violation of New York Penal Law Section 125.25, to wit: the murder of Brandy Odom, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Brandy Odom did result.

(Title 18, United States Code, Sections 1958(a) and 3551 et seq.)

## COUNT THREE
(Wire Fraud Conspiracy)

3. In or about and between March 2017 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CORY MARTIN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more life insurance companies, to wit: Globe Life and Accident Insurance Company and American National Insurance Company, and to obtain money and property from said life insurance companies by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, one or more writings,

signs, signals, pictures and sounds, to wit: telephone calls, monetary transfers, emails and other electronic communications, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT FOUR
### (Aggravated Identity Theft)

4.    In or about and between March 2017 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CORY MARTIN, together with others, during and in relation to the crime charged in Count Three, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: the name, date of birth and social security number of Brandy Odom, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT FIVE
### (Fraudulent Use of Identification – Brandy Odom)

5.    In or about and between March 2017 and August 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CORY MARTIN, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, one or more means of identification of another person, to wit: the name, date of birth and social security number of Brandy Odom, with the intent to commit and to aid and abet, and in connection with, unlawful activity that constituted one or more violations of Federal law, to wit: the crimes charged in Counts One, Two, and Three.

6.    The defendant CORY MARTIN committed the offense charged in paragraph 5 in connection with a crime of violence, to wit: the murder of Brandy Odom.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(A), 1028(b)(2)(B), 1028(b)(3)(B), 1028(c)(3)(A), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE AND FIVE

7.    The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Three and Five, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 982(a)(2), which requires any person convicted of a violation of 18 U.S.C. § 1349 to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; (b) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of a violation of 18 U.S.C. § 1028(a)(7) to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (c) Title 18, United States Code, Section 1028(b)(5), which requires any person convicted of a violation of 18 U.S.C. § 1028(a)(7) to forfeit any personal property used or intended to be used to commit such offense.

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

5

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(a)(2)(B), 982(b)(1) and

1028(b)(5); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00708
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

CORY MARTIN, Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(2), 982(a)(2)(B), 982(b)(1), 1028(a)(7),
1028(b)(2)(A), 1028(b)(2)(B), 1028(b)(3)(B), 1028(b)(5),
1028(c)(3)(A), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1349, 1958, 2 and
3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ Allan Yu _____
*Foreperson*

*Filed in open court this* _____ *day*,

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

***Tanya Hajjar and Emily Dean, Assistant U.S. Attorneys (718) 254-7000***